UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-443-RJC-DCK

| | |
|---|---|
| JEAN-MARIE LONGAYO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>OTTO ENVIRONMENTAL )<br>SYSTEMS, LLC, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court for initial review pursuant to 28 U.S.C. § 1915. Plaintiff Jean-Marie Longayo, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on August 5, 2013. In this action, Plaintiff alleges that his former employer Otto Environmental Systems, LLC terminated his employment based on his national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The Court first considers Plaintiff's in forma pauperis application. See (Doc. No. 2). The Court has considered Plaintiff's affidavit, in which he attests that, in the past twelve months, he received an average income totaling $49.00 from public assistance. (Doc. No. 2 at 2). Plaintiff states that he owns a residence valued at $56,000 and a motor vehicle valued at $16,000. (Id. at 3). As to the remaining portions of the IFP application, such as the section that requires Plaintiff to list recent employers and accounts in financial institutions, Plaintiff has written "N/A." (Id. at 5). Moreover, portions of Plaintiff's listed monthly expense are illegible. (Id. at 5; 6).

1

It is not sufficient for Plaintiff to simply write "N/A" in the sections of the IFP application requiring him to respond. Therefore, Plaintiff will be required to re-submit an IFP application, listing specific amounts. For instance, if he or his spouse has no savings account, Plaintiff must write "$0.00" in that section. Furthermore, Plaintiff is required to re-submit his monthly expenses, with the amounts clearly legible on the form.

Next, the Court notes that although Petitioner alleges that he filed EEOC charges, he has not attached the formal Notice of Charge of Discrimination that he filed with the EEOC. Before going forward with the initial review of Plaintiff's Complaint, this Court will require Plaintiff to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination [before the EEOC] generally operate to limit the scope of any subsequent judicial complaint.").

**IT IS, THEREFORE, ORDERED that:**

1. If Plaintiff wishes to proceed in forma pauperis, Plaintiff shall, within 20 days of entry of this Order, re-submit his IFP application in accordance with this Order. Otherwise, Plaintiff shall pay the $400.00 filing fee.

2. Plaintiff shall, within 20 days of entry of this Order, furnish the Court with the Notice of Charge that he filed with the EEOC.

3. If Plaintiff fails to comply with this Order, the Complaint shall be subject to dismissal without further notice.

Signed: October 7, 2013

Robert J. Conrad, Jr.
United States District Judge